UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOEL BANEGAS | CIVIL ACTION |
| VERSUS | NO. 15-593 |
| CALMAR CORPORATION | SECTION "B"(1) |

ORDER AND REASONS

I.  NATURE OF MOTION AND RELIEF SOUGHT

Before the Court is Plaintiff's "Motion for Conditional Class Certification and Judicial Notice" pursuant to 29 U.S.C. § 216(b) (Rec. Doc. 12), in which he seeks conditional certification of a class for the purpose of asserting claims for alleged violations by Defendants of the overtime provisions of the Fair Labor Standards Act ("FLSA"). Specifically, Plaintiff alleges Defendants did not pay their employees overtime for hours worked in excess of forty per work week. (Rec. Doc. 12-1). Defendants oppose Plaintiff's Motion (Rec. Doc. 18), and Plaintiff filed a Reply (Rec. Doc. 23). For the reasons that follow, **IT IS ORDERED THAT** Plaintiff's Motion (Rec. Doc. 12) is **GRANTED**, as set forth fully below.

II. FACTS AND PROCEDURAL HISTORY

Plaintiff Joel Banegas ("Plaintiff") was employed as a "sprayer" by Defendants Calmar Corporation, Don Allen, and

Michel D. Richard ("Defendants").[1] (Rec. Doc. 1). Plaintiff's job duties consisted of spraying insulation, fireproofing, and handling other foam and coating products. (Rec. Doc. 12-1 at 6). As an employee of Calmar, Plaintiff earned a cash wage of $12.00-$13.00 per hour. (Rec. Doc. 12-1 at 6). Plaintiff often worked in excess of 40 hours per work week, but claims to have only received overtime for the first five hours he worked in overtime each week.[2] (Rec. Doc. 12-1 at 6). Alleging that this arrangement violated the overtime provisions of the FLSA, 29 U.S.C. § 201, et seq., Plaintiff filed his Complaint in the instant action on February 25, 2015. (Rec. Doc. 1). In the Complaint, Plaintiff alleges that other employees were subjected to similar arrangements in violation of the provisions of the FLSA. (Rec. Doc. 1).

Defendant filed an answer presenting defenses under Rule 12(b) and denying the plaintiff's allegations. (Rec. Doc. 9). Thereafter, Plaintiff moved for conditional certification of a class for purposes of bringing a collective action under 29 U.S.C. § 216(b). The potential opt-in class is defined to consist:

> of all current and former employees of Defendants who are or have been employed by Defendants during the three years immediately preceding the filing of this

---

[1] Defendants Allen and Richard are identified as principals or agents of Defendant Calmar in the Complaint. (See Rec. Doc. 1).

[2] For all other overtime hours Mr. Banegas worked he alleges he was only paid his "straight time" rate of pay. (Rec. Doc. 12-1 at 6).

>        suit as hourly or non-exempt employees and
>        who, during that period, worked in excess of
>        forty hours in any work week and failed to
>        receive premium pay, at the rate of one-and-
>        a-half times their regular rate of pay, for
>        all hours worked in excess of forty in a
>        workweek.

(Rec. Doc. 1 at 4-5).

More specifically, Plaintiff claims he worked in a group of 2-3 other sprayers, and Defendant employed more than one group of sprayers. (Rec. Doc. 12-1 at 7). Plaintiff alleges these other sprayers had essentially the same duties as he did, and at least some of the other sprayers who worked for Defendant were not paid for all the overtime hours they worked. (Rec. Doc. 12-1 at 7). The alleged bases for Plaintiff's personal knowledge are his conversations with fellow employees and his observation of how other employees received payment. (Rec. Doc. 12-1 at 2). Relying on the foregoing, Plaintiff seeks certification of the proposed class as defined and court approval of a proposed notice form.

### III. CONTENTIONS OF MOVANT

Plaintiff argues he has satisfied his burden of establishing that he and the potential class members are "similarly situated" for purposes of the first step of the two-step *Lusardi* class certification process generally applied by District Courts in the Fifth Circuit in the context of FLSA collective actions. (Rec. Doc. 12-1 at 8). This lenient standard only requires the Plaintiff to show that the named

representative and the members of the prospective FLSA class are connected by "some factual nexus which binds that named plaintiff and the potential class members together as victims of a particular alleged policy or practice." (Rec. Doc. 12-1 at 10-11). Plaintiff claims he has presented evidence that he is similarly situated to the other putative class members for purposes of collective discovery and judicial notice. (Rec. Doc. 12-1 at 11).

Plaintiff argues he is similarly situated to the putative class members for the following reasons: (1) Mr. Banegas and the potential class members had the same job duties, (2) Mr. Banegas and the potential class members were all paid by the same methods, (3) Mr. Banegas and the potential class members were paid roughly the same amounts, (4) Mr. Banegas and the potential class members often worked more that forty hours per week, and (5) Mr. Banegas and the potential class members did not receive overtime for hours worked in excess of 40 during any particular work week. (Rec. Doc. 12-1 at 11-12). Plaintiff believes this establishes that the action does not arise from circumstances purely personal to himself, but from a generally applicable rule, policy, or practice, such that it is appropriate for resolution by collective process. (Rec. Doc. 12-1 at 12).

IV.  CONTENTIONS OF OPPONENTS

Defendants contend Plaintiff has failed to carry his burden of demonstrating that he and members of the proposed class are "similarly situated" for conditional certification purposes. (Rec. Doc. 18 at 2). Specifically, they argue Plaintiff must show both that other similarly situated employees exist and also that they intend to join the suit. (Rec. Doc. 18 at 3). Defendant emphasizes that Plaintiff's Motion is supported only by his own affidavit and allegations in pleadings. (Rec. Doc. 18 at 4). They argue additional evidence concerning members of the potential class is required in order for the Court to grant conditional certification.

Alternatively, if the Court grants conditional certification, Defendants argue the proposed notice must include statements that any opt-in plaintiffs may hire their own counsel, and that the opt-in plaintiffs will not be entitled to any relief if the Court rules in favor of Defendants. (Rec. Doc. 18 at 4).

As to the issue of the proposed notice, Plaintiff has attached a Second Proposed Notice to his Reply, which incorporates Defendants' suggestions above. (Rec. Doc. 23 at 6). On the merits, however, Plaintiff argues conditional certification does not require a showing of intent to join the proposed class at the lenient stage-one inquiry. (Rec. Doc. 23 at 2). Plaintiff contends that he only has to show a reasonable basis for believing that aggrieved individuals exist, and that

5

those aggrieved individuals are similarly situated to him. (Rec. Doc. 23 at 6).

**V.   CONDITIONAL CERTIFICATION STANDARD**

**A. 29 U.S.C. § 216(b)- Right to Proceed by Collective Action**

Section 16(b) of the FLSA prescribes damages and defines the right of action for employees against their employers for violations of the overtime and minimum wage provisions of the Act. 29 U.S.C. § 216(b). Relevant for present purposes, that section includes a collective action provision under which a person may maintain an action: "on behalf of himself . . . and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

**B. Certification Procedure**

Certification of a FLSA collective action typically proceeds under a two-step process, sometimes referred to as the "*Lusardi* approach." *See, e.g., Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003). Although the Fifth Circuit has refused to endorse either of the two existing methods of FLSA collective action certification, *Lusardi* is the prevailing approach. *See Xavier v. Belfor USA Group, Inc.*, 585 F. Supp. 2d 873 (E.D. La.

Sep. 23, 2008)("[I]t is clear that the two-step ad hoc [*Lusardi*] approach is the preferred . . . ."); Green *v. Plantation of Louisiana, LLC*, No. 10-0364, 2010 WL 5256354, at *4-5 (W.D. La. Nov. 24, 2010)("This method is consistent with the Fifth Circuit's conclusion in *LaChapelle v. Owens-Illinois, Inc.* that '[t]here is a fundamental, irreconcilable difference between the class action described by [FRCP] Rule 23 and that provided for by FLSA § 16(b) . . . ."); THE FAIR LABOR STANDARDS ACT § 19-15 (Ellen C. Kearns, et al. eds., 2d ed. 2010)[hereinafter, Kearns].

> At the first stage, referred to as the "notice stage" or "conditional certification" stage, the trial court makes the determination whether notice of the action should be given to potential opt-in plaintiffs and whether the case should initially proceed as a collective action. If conditional certification is granted, the action then proceeds as a representative action throughout discovery.
>
> At the second stage, the court makes the determination of whether the case should continue to be certified as a collective action for trial. The second-stage determination is usually based on the employer's motion filed at or near the end of discovery requesting that the court decertify the case as a collective action.

Kearns, *supra*, at §19-17, 19-18; *see also*, *Green, supra*, at *5. The fundamental inquiry at both stages is whether the named plaintiffs and members of the potential FLSA collective class are "similarly situated" for purposes of Section 16(b). *Id.*

### C. Notice Stage

At the notice stage, district courts typically apply a "fairly lenient standard." *Mooney*, 54 F.3d at 1214. This requires plaintiffs to make "a modest factual showing that the putative class members were together the victims of a single decision, policy, practice, or plan that violated the law." Kearns, *supra*, at §§ 19-20, 19-21 (citing, *inter alia*, *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007); *Villatoro v. Kim Son Rest., L.P.*, 286 F. Supp. 2d 807, 810 (S.D. Tex. 2003)). The Court decides, "usually based only on the pleadings and any affidavits which have been submitted," whether notice of the action should be given to potential class members. *Green*, *supra*, at *5 (citing *Mooney*, 54 F.3d at 1213).

Section 16(b) does not define the term "similarly situated." Thus, "[w]hether employees are 'similarly situated' for purposes of the FLSA is determined in reference to various factors, including their 'job requirements and . . . pay provisions.'" *Xavier*, 585 F. Supp. 2d at 877 (citing *Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F. Supp. 2d 793, 798 (E.D. La. 2007)). Such a determination is appropriate when there is "a demonstrated similarity among the individual situations . . . some factual nexus that binds the named plaintiffs and the potential class members together as victims of a particular alleged policy or practice." *Id.* at 877-78 (internal citations and quotation marks omitted). A plaintiff's right to proceed collectively under the FLSA may be foreclosed only if "the

8

action relates to specific circumstances personal to the plaintiff rather than any generally applicable policy or practice." *Id.* (citing *Crain v. Helmerich and Payne Int'l Drilling Co.*, No. 92-0043, 1992 WL 91946 (E.D. La. Apr. 16, 1992)). Overall the evidence needed is minimal, and the existence of some variations between potential claimants is not determinative of lack of similarity. *Prejean v. O'Brien's Response Management, Inc.*, No. 12-1045, 2013 WL 5960674 at *8 (E.D. La. Nov. 6, 2013).

Finally, in determining whether to grant conditional certification at the notice stage, courts must be conscious of their duty to "refrain from stirring up unwarranted litigation." *Xavier*, 585 F. Supp. 2d at 878 (citing *Lentz v. Spanky's Restaurant II, Inc.*, 491 F. Supp. 2d 663, 668-69 (N.D. Tex. 2007)). Employers should not be unduly burdened by a frivolous fishing expedition conducted by the plaintiffs at the defendants' expense. *Xavier*, 585 F. Supp. 2d at 878. Nevertheless, "a collective action can be an effective mechanism for resolving common issues in one consolidated action." *Green*, *supra*, at *6 (citing *Hoffman-La Roche*, 493 U.S. 165, 170 (1989)). Accordingly, courts must "strive to balance the efficiency of aggregating claims in one action against the expense and inconvenience of frivolous litigation." *Id.* (citing *Sims v. Housing Auth. City of El Paso*, No. 10-109, 2010 WL 2900429, *2 (W.D Tex. Jul. 19, 2010)). This Court also

9

recognizes that "requiring individualized adjudication of each claim would undermine the broad remedial purposes of the FLSA, which affords plaintiffs 'the advantage of lower individual costs to vindicate rights by pooling their resources' thereby benefitting the 'judicial system . . . by efficient resolution in one proceeding of common issues of law and fact." *West v. Lowes Home Centers, Inc.*, No. 09-1310, 2010 WL 5582941 at *3 (W.D. La. Dec. 16, 2010) *report and recommendation adopted*, 2011 WL 126908 (W.D. La. Jan. 14, 2011)(quoting *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

At the notice stage, courts require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan. *Prejean,* 2013 WL 5960674 at *4. (citing *Mooney*, 54 F.3d 1207 at 1213-14, n. 8). The employer may later file a motion for decertification after a more extensive discovery process has been conducted, if it is determined at that stage that the plaintiff has failed to carry his burden of establishing that he and members of the proposed class are similarly situated. *Id.*

## VI. DISCUSSION

### A. Conditional Certification

As noted above, Defendant contests the appropriateness of conditional certification here, where the motion is supported only by allegations in pleadings and Plaintiff's affidavit. Defendant thereby focuses on an alleged failure by Plaintiff to

show that members of the proposed class have an interest or desire to join in this proposed FLSA collective action. This, however, misconstrues the plaintiff's burden at the lenient stage-one notice phase.

Taken to its logical conclusion, Defendant's argument would result in a categorical rule that conditional certification of a proposed FLSA collective action is never appropriate where the complaint is not joined by multiple named plaintiffs, or where the named plaintiff does not attach affidavits of other potential class members who express an interest in joining the action. This focus on the intent of potential opt-in class members has no statutory basis in the FLSA.

As explained above, the plaintiff's only burden under Section 16(b) is to establish that he is "similarly situated" to members of the proposed opt-in class. Indeed, courts considering proposed FLSA collective action certification motions at this phase are typically confronted with disputes concerning whether a group of identified employees were indeed subjected to similar conditions of employment, such that collective treatment would be efficient. Less common is the sort of dispute presently at issue, where one party challenges whether there has been a sufficient showing as to other individuals' intent to join the proposed action. Further, courts applying applicable FLSA provisions have recognized that, at its core, the stage-one analysis requires the plaintiff to show, at least, that

11

similarly situated individuals *exist*. As noted above, the evidentiary burden at the stage-one inquiry is lenient. *See, e.g., Mooney*, 54 F.3d at 1214 ("Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class."); *see also Donohue v. Francis Services, Inc.*, 2004 WL 1161366 (E.D. La. May 24, 2004)("At the notice stage, courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single policy, and it is made applying a fairly lenient standard."). Here, Plaintiff alleges that he worked in a group of 2-3 other sprayers, and that Defendant employed more than one group of sprayers. Plaintiff claims that these other sprayers had "essentially the same duties" as Plaintiff did, and were compensated pursuant to a similar policy. Finally he alleges personal knowledge of how other individuals were compensated, based on conversations and observation. Thus, Plaintiff has established a likelihood that a group of individuals situated similarly to him exists, and that the Court should therefore exercise its discretion to facilitate notice of this action to those individuals. *See also*, *Perkins v. Manson Gulf, L.L.C.*, No. 14-2199, 2015 WL 771531, at *3-4 (E.D. La. Feb. 23, 2015)("[Defendant] emphasizes that plaintiff has not identified any other particular individual who is interested in joining the class, and it asserts that this is a sufficient

reason to deny plaintiff's motion. However, 'in the Fifth Circuit, there is no categorical rule that Plaintiffs must submit evidence at this time that other [individuals] seek to opt-in to this case.'")(citing *White v. Integrated Elec. Section Techs., Inc.*, No. 11-2186, 12-359, 2013 WL 2903070, at *7 (E.D. La. Jun. 13, 2013); *Villareal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 915-16 (S.D. Tex. 2010)).

This court recognizes its duty to avoid burdening employers with frivolous fishing expeditions. However, this consideration must be weighed against the overall purpose of the FLSA, which seeks to promote judicial efficiency, and remediation of statutory violations by permitting a plaintiff to proceed on behalf of himself and similarly situated individuals. The Court is reluctant to adopt a stricter rule, which is not clearly statutorily-mandated, requiring a plaintiff to collect additional affidavits from potential opt-in class members who have the intent to join the action. When more discovery has been completed, if potential class members have opted in, Defendants may move for decertification in the event Plaintiff does not meet the higher standard required under stage-two. Finally, the Court notes that because the FLSA collective action procedures require potential class members to opt in, as opposed to the traditional class action procedures applied under Fed. R. Civ. P. 23 (which requires potential class members to opt out), there is additional reason to apply a more lenient standard here,

where there is no risk of the named plaintiff adjudicating rights of other individuals without their consent. If indeed members of the proposed class do not desire to join the suit, they are well within their rights not to do so. Accordingly, Defendant's concern appears to be primarily with the likelihood that similarly situated individuals will, in fact, desire to opt-in to the proposed collective action, rather than with any failure of the plaintiff to establish the likely existence of any such individuals. This is not a valid or recognized basis for denying conditional certification under the FLSA.

In light of the foregoing, **IT IS ORDERED THAT** Plaintiff's Motion is **GRANTED, IN PART,** so as to conditionally certify the proposed class as defined in Plaintiff's Motion.

### B. Judicial Notice

Plaintiff submitted a proposed notice form along with his original motion. (Rec. Doc. 12-4,5). Defendants proposed that the notice should contain two additional statements if the court agrees to grant Plaintiff's motion. (Rec. Doc. 18). Plaintiff agreed to modify the notice to reflect Defendant's suggestions. (Rec. Doc. 23). These issues are best resolved by mutual agreement of the parties. Accordingly, **IT IS ORDERED THAT** Plaintiff's Motion for Judicial Notice is **GRANTED**, on the condition that the parties be directed to meet, confer, and

thereafter submit to the Court a joint proposal of notice no later than **twenty-one** days of entry of the Court's order.

**VII. CONCLUSION**

In light of the foregoing, **IT IS ORDERED THAT** Plaintiff's Motion (Rec. Doc. 12) be **GRANTED**, certifying the proposed class as defined, and approving the proposed notice form, subject to the conditions above pertaining to joint submission.

New Orleans, Louisiana, this 6th day of August, 2015.

_____
UNITED STATES DISTRICT JUDGE