UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOEL BANEGAS                                               CIVIL ACTION

VERSUS                                                     NO. 15-593

CALMAR CORPORATION, ET AL.                                 SECTION "B"(1)

ORDER AND REASONS

Before the Court are Plaintiff's, Joel Banegas, "Motion for Attorneys' Fees" (Rec. Doc. 61), Defendants', Calmar Corporation, Don Allen, and Michael Richard, opposition thereto (Rec. Doc. 67), as well as Plaintiff's reply (Rec. Doc. 68).

For the reasons outlined below,

**IT IS ORDERED** that the Motion is **GRANTED** in part and **DENIED** in part.

This case arises out of a wage dispute between Joel Banegas and his employers. Banegas filed suit on February 25, 2015 under the Fair Labor Standards Act ("FLSA"), claiming that the Defendants did not properly compensate him minimum wage and overtime wages. (Rec. Doc. 1 at 1). The wage dispute ended with a settlement agreement between the parties on May 26, 2016. (Rec. Doc. 60). The parties were unable to come to an agreement regarding attorneys' fees, so Plaintiff filed the present opposed motion for resolution by the Court. (Rec. Docs. 61, 67 and 68).

Under the FLSA, the court shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action" when a judgment is awarded to the plaintiff. 29 U.S.C. § 216(b). The Fifth Circuit uses the lodestar method for determining a reasonable amount of attorney's fees. *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). Under this method, the reasonable number of hours spent on the case is multiplied by an appropriate hourly rate in the community for such work. *Id.* Regarding the hours worked, the party seeking fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *La. Power & Light Co. v. Kellstrom,* 50 F.3d 319, 324 (5th Cir. 1995) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983)). The court should eliminate those hours that are excessive, duplicative, or too vague to permit meaningful review. *Big Lots,* 639 F. Supp. 2d. at 792 (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993); *La. Power & Light Co.,* 50 F.3d at 326). Also, "[w]hen using the lodestar method to award attorney's fees, courts routinely deduct time spent on unsuccessful, unfounded, or unnecessary pleadings, motions, discovery requests and memoranda." *White v. Imperial Adjustment Corp.,* No. 99-3804, 2005 WL 1578810, at *11 (E.D. La. June 28, 2005).

Additionally, attorneys should not bill at that same rate for the performance of clerical duties. Even if attorneys are required

2

to complete certain clerical tasks due to a lack of available help, such non-legal work does not justify billing at an attorney's rate just because it is completed by an attorney. *See Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 717, 717 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron,* 109 S.Ct. 939 (1989). Finally, courts in the Fifth Circuit have also taken to instituting percentage-based reductions in attorney's hours for engaging in block-billing or for failure to exercise billing judgement. *See Fralick v. Plumbers and Piperfitters Nat. Pension Fund,* No. 09-0752, 2011 WL 487754, at *3-4 (N.D. Tex. Feb. 11, 2011). To show billing judgment, a party must adequately document "the hours charged and [those] written off as unproductive, excessive, or redundant." *Saizan*, 448 F.3d at 799.

Attorneys for Plaintiff use a rate of $250 for each attorney. With very little and unconvincing support, Defendants argue that the hourly rate is excessive. Based on experience with hourly rates charged in this district, and applicably case law, we find the rate of $250 is reasonable for FLSA work in the New Orleans community. *See, e.g., Johnson v. Big Lots Stores, Inc.,* 639 F. Supp. 2d 696, 702 (E.D. La. 2009) (finding that $300 is reasonable for partners and $225 is reasonable for associates).

The primary issue concerns the hours reasonably expended on the litigation. A reduction here is warranted. While we do not

3

discredit hours that are actually expanded, a review of invoiced services show excessive and unreasonable time spent on duplicative and unnecessary tasks.

For example, counsel removed a handful of duplicative entries where tasks were completed by both attorneys of record, but failed to remove the vast majority of these duplicative entries. Additionally, counsel included multiple entries that involved each attorney reading the same "minute entry" for motions after having already reviewed the motion prior to filing.[1] Another example of excessive time includes counsel's email correspondence amongst themselves, billing for both sending and receiving emails to one another.[2] Because of this inadequate and incomplete billing judgment, this Court finds that a downward adjustment of 10% is warranted. This reduction is in line with the reductions implemented by other courts for failure to exercise billing judgment. *See, e.g., Smith v. Manhattan Mgmt. Co.,* No. 14-2623, 2016 WL 915272, at *4 (E.D. La. March 10, 2016) (finding a 10% reduction for counsel's lack of billing judgment); *Fralick v. Plumbers and Pipefitters Nat. Pension Fund,* No. 09-0752, 2011 WL 487754, at *3-4 (N.D. Tex. Feb. 11, 2011) (finding a 10% reduction

---

[1] Some examples of these include 4/27/2015, RLC for 0.10 (Rec. Doc. 61-2 at 2); 4/30/2015, RLC for 0.10 (Rec. Doc. 61-2 at 3); and 5/22/2015, WHB for 0.20 (Rec. Doc. 61-2 at 3)).
[2] Examples of such entries include: 6/16/2015, RLC for 0.10 (Rec. Doc. 61-2 at 5); 7/1/2015, WHB for 0.20 (Rec. Doc. 61-2 at 6); and 7/28/2015, WHB for 0.10 (Rec. Doc. 61-2 at 8).

for lack of billing judgment). As Plaintiff's total hours as stated in his motion are 157.20, the hours to be deducted are **15.72**, leading to a new total of **141.48** hours.

Finally, Defendants' argument that the Court should remove the time spent on class certification is without merit because the Plaintiff was successful in certifying the class. (Rec. Doc. 29). Even though no similarly situated parties came forward to join the class, this does not negate Plaintiff's success on certification and the opportunities it offered. Further, there is some evidence in the record to indicate that Defendants did not offer full disclosures on all matters, causing Plaintiff to expend additional time seeking out class members. Lastly, regarding attorneys' fees being greater than the damages awarded to Plaintiff, the Fifth Circuit has recognized that there is no "*per se* proportionality rule" and that it is not unusual for the amount of attorney's fees awarded to be greater than the amount of damages recovered. *Saizan*, 448 F.3d at 802. Therefore, this Court sees no need to further reduce the attorneys' fees beyond the 10% reduction described above. With an hourly rate of $250 and total hours of 141.48, the total attorneys' fees are **$35,370.00**.

For the reasons discussed above,

**IT IS ORDERED** that the Motion for Attorneys' Fees be **GRANTED** in part and **DENIED** in part; Plaintiff is entitled to attorneys' fees in the amount of **$35,370.00**.


New Orleans, Louisiana, this 26th day of October, 2016.

_____
                     SENIOR UNITED STATES DISTRICT JUDGE